

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII ISLAND AIR, INC.,<br><br>       Debtor. | Case No. 17-01078<br>Chapter 7 |
| ELIZABETH A. KANE, Bankruptcy Trustee,<br><br>       Plaintiff,<br><br>  vs.<br><br>ISLAND LEASING, LLC, et al.,<br><br>       Defendants. | Adv. Pro. No. 18-90007<br><br>Dkt. 144 |

<u>ORDER ON PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

For the reasons stated on the record at a hearing on July 14, 2019,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Partial Summary

Judgment on Count III of the First Amended Complaint (dkt. 144), is GRANTED

IN PART AND DENIED IN PART.

The motion is GRANTED to the extent that all of the following facts are not subject to a genuine dispute and are established for all purposes in this adversary proceeding, without the need for further proof. All of the following legal conclusions are also established for all purposes in this adversary proceeding. This order uses terms defined in a prior order (dkt.126).

1. On October 16-18, 2017 and subsequent dates, the Debtor shipped certain items to defendant AAR pursuant to a sale transaction.

2. At least some of the items included in these shipments were property of the estate when the Debtor commenced its case on October 17, 2017. (Some of the IL Rotables may also have been included in those shipments; this order does not resolve the dispute about ownership of the IL Rotables.) I have directed the parties to identify all of the items that they agree (and those that they do not agree) were included in those shipments.

3. The shipments of the Debtor's property described in paragraphs 1 and 2 (collectively the "Post-Petition Transfers") were "transfers" within the meaning of Bankruptcy Code §§ 549(a) and 101(54).

4. Each of the Post-Petition Transfers occurred after the commencement of the Debtor's case within the meaning of Bankruptcy Code § 549(a)(1).

5. The value of the C&E that was included in the Post-Petition Transfers was $180,000. There are genuine disputes of material fact about the value of the other

U.S. Bankruptcy Court - Hawaii   #18-90007   Dkt # 236   Filed  07/19/19   Page 2 of 4

items that were included in the Post-Petition Transfers.

6. AAR was the initial transferee of the Post-Petition Transfers within the meaning of Bankruptcy Code § 550(a)(1).

7. Island Leasing was "the entity for whose benefit such transfer was made," within the meaning of Bankruptcy Code § 550(a)(1). "This phraseology implies a requirement that, in transferring the avoided funds, the debtor must have been motivated by an intent to benefit the individual or entity from whom the trustee seeks to recover. It is not enough that an entity benefit from the transfer; the transfer must have been made for his benefit."[1]

The Debtor had two possible reasons for making the Post-Petition Transfers: first, it wished to perform its contractual obligation to AAR; and second, it wished to induce AAR to perform its remaining obligation under the contract, which was to pay the final installment of $400,000. The first purpose was unimportant to the Debtor because, by the time the Post-Petition Transfers were set in motion, the Debtor was on the brink of a bankruptcy filing (and in fact the Debtor had filed its petition by the time the transfers were made). The Debtor's failure to complete its contract with AAR would merely have added a claim (by AAR for breach of contract) to an already

---

[1] *Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544, 547 (9th Cir. 1991) (internal quotation marks omitted). It is not important that Island Leasing never received the $400,000 payment. "[C]ourts have found that an entity need not actually benefit, so long as the transfer was made for his benefit." *Id.*

3

insurmountable mountain of debt. Achieving the second purpose could only have been intended to benefit Island Leasing, because the Debtor had agreed to pay AAR's final installment to Island Leasing.

In other words, Island Leasing was the intended beneficiary of the Post-Petition Transfers because Island Leasing would have realized a meaningful benefit if the transaction had played out as the Debtor and Island Leasing agreed.

The motion is DENIED in all other respects.

END OF ORDER

U.S. Bankruptcy Court - Hawaii   #18-90007   Dkt # 236   Filed  07/19/19   Page 4 of 4